vgom
20031238

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------
UNITED STATES OF AMERICA

v.

JOHN McGOVERN
GARY WEIGHTMAN
------------------------------

Hon. 06-113 (JAG)

CRIM. NO.
18 U.S.C. §§ 371, 2
29 U.S.C. § 501(c)

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges that

**COUNT ONE**

**(Conspiracy to embezzle from Local 190)**

1. At all times relevant to this Indictment:

a. North Jersey Area Local 190 (hereinafter Local 190) of the American Postal Workers International Union (hereinafter APWU) was a "labor organization" within the meaning of the provisions of Title 29, United States Code, Sections 152(5), 402(I) and 402(j). It represented and admitted to membership persons employed in post office facilities in Northern New Jersey.

b. Local 190 was governed by a Constitution and a set of By-Laws which, in pertinent part, stated that the annual salaries of various officers shall be disbursed in the following manner:

1

(1) the President shall receive his basic postal salary, plus $3500; and (2) the Secretary-Treasurer shall receive his basic postal salary, plus $3000.

    c.    Defendant John McGovern was the Secretary-Treasurer of Local 190 from at least in or about 1992 until October 2002 and, as such, was subject to the rules and regulations of the APWU Constitution and By-Laws. As Secretary-Treasurer, he was entitled to a total annual salary of approximately $49,000, which included his basic postal salary. Moreover, he was also a fiduciary who occupied a position of trust at Local 190, pursuant to Title 29, United States Code, Section 501(a). As a fiduciary, his duties and obligations were, among others: (1) to act solely in the interests of the participants of the union; (2) to avoid acting in his own personal self-interest; (3) to disburse the funds of the union with care and prudence; and, (4) to avoid acting on behalf of any party whose interests were adverse to the interests of the union.

    d.    Defendant Gary Weightman was the President of Local 190 from at least in or about 1992 until October 2002 and, as such, was also subject to the rules and regulations of the APWU Constitution and By-Laws. As President, he was entitled to a total annual salary of approximately $49,500, which included his basic postal salary. As such, he too was a fiduciary who

occupied a position of trust pursuant to Title 29, United States Code, Section 501(a) and was bound by the same duties and obligations as set forth in subparagraph c.

    e.  Local 190 had two bank accounts from which funds were disbursed. One account was designated a payroll account which was used for the purpose of providing funds to Paychex, Inc. for the automated payment of bi-weekly paychecks to union employees. The payroll account was also used by the defendants to improperly disburse to themselves union funds as supplemental income. The other account was designated as an "operating" account from which checks were written to pay for the union's monthly expenses, such as rent, utilities and credit card expenditures. Defendant John McGovern had exclusive control over the disbursement of funds from both accounts.

    f.  LM 2 forms were documents required to be submitted annually to the Department of Labor by union officers in order to accurately provide the details of the financial receipts and disbursements of a union.

    2.  From at least as early as in or about April 2000 through at least in or about October 2002 in Bergen County, in the District of New Jersey and elsewhere, the defendants,

              JOHN McGOVERN and
              GARY WEIGHTMAN

did knowingly and willfully conspire and agree with each other, and others, to embezzle, steal and unlawfully convert to their own use and the use of others, money and funds from Local 190, totaling approximately $400,000, contrary to Title 29, United States Code, Section 501 (c).

## OBJECTS OF THE CONSPIRACY

3. The objects of the conspiracy were to embezzle funds from the payroll and "operating" accounts of Local 190 and, thereafter, to conceal the thefts by failing to file annual LM 2 forms and by destroying or discarding the essential financial records of the union.

## MANNER AND MEANS

4. It was part of the conspiracy to embezzle that, between at least in or about April 2000 and October 2002 the defendant John McGovern, in derogation of his fiduciary duties, did improperly grant to himself salary disbursements that grossly exceeded the limit of his authorized union salary, as determined by the APWU Constitution and By-Laws. Namely, between in or about April 2000 and October 2002, John McGovern issued to himself over $140,000 in unauthorized salary payments.

5. It was further part of the conspiracy that, between at least in or about April 2000 and October 2002, the defendant John

McGovern issued to defendant Gary Weightman in excess of $27,000 in unauthorized salary payments from the Local 190 payroll account.

6. It was further part of the conspiracy that, in addition to excessive unauthorized salary payments, the defendants improperly granted to themselves from the Local 190 "operating" account additional income to which they were not entitled and which provided no legitimate benefit to Local 190 or its members. Namely, between at least in or about April 2000 and October 2002, defendant John McGovern disbursed to himself in excess of $160,000 from the Local 190 "operating" account purportedly for the purchase of office items, supplies, and as reimbursement for other business related expenditures. During the same period, the defendant John McGovern improperly disbursed to defendant Gary Weightman in excess of $100,000 from the Local 190 "operating" account as reimbursement for alleged union related expenditures such as, among other things, car mileage, the purchase of office supplies, hotel room rentals and limo services. In truth, these expenditures by the defendants were either fictitious, or personal in nature, and provided no legitimate benefit to the union or its members.

7. It was further part of the conspiracy that, in or about late September 2002, the defendants, in an effort to obstruct and impede an investigation by the Postal Workers International Union, discarded and destroyed the essential financial records, ledger books and other necessary documentation needed for a review of union business and to support its receipt and disbursement of union funds.

8. It was further part of the conspiracy that the defendants, as officers at Local 190, failed to file annual LM2 forms for the fiscal years 2000 and 2001. By failing to file said LM2 forms, the defendants McGovern and Weightman successfully concealed the nature and extent of their embezzlements from the Department of Labor, the Postal Workers International Union and the Local 190 membership.

### Overt Acts

9. In furtherance of this conspiracy and to effect the objects thereof, the defendants committed and caused to be committed the following overt acts, in the District of New Jersey and elsewhere;

a. On or about the dates listed below, the defendants caused the following improper disbursements to be made from the bank accounts of Local 190:

| Overt act | Recipient | Date (s) | Funds improperly disbursed |
|---|---|---|---|
| 1. | John McGovern | April 16, 2001 | 1 "operating" account check totaling $1246 |
| 2. | John McGovern | June 11-20, 2001 | 5 payroll account checks totaling $6297 |
| 3. | John McGovern | Sept 27-Oct 9, 2001 | 3 payroll account checks totaling $4093 |
| 4. | John McGovern | December 11-14, 2001 | 3 payroll account checks totaling $4093 |
| 5. | John McGovern | Jan 28-Feb 1, 2002 | 4 payroll account checks totaling $5567 |
| 6. | John McGovern | March 20, 2002 | 3 "operating" account checks totaling $2713 |
| 7. | John McGovern | June 7-17, 2002 | 4 payroll account checks totaling $5604 |
| 8. | John McGovern | October 22, 2002 | 5 "operating" account checks totaling $21,070 |
| 9. | Gary Weightman | Jan 5-10, 2001 | 3 payroll account checks totaling $2682 |
| 10. | Gary Weightman | April 2-10, 2001 | 3 payroll account checks totaling $2472 |
| 11. | Gary Weightman | May 31, 2001 | 1 payroll account check totaling $1376 |
| 12. | Gary Weightman | Oct 5-6, 2001 | 2 payroll account checks totaling $1887 |
| 13. | Gary Weightman | Feb 1-5, 2002 | 2 payroll account checks totaling $2396 |
| 14. | Gary Weightman | Feb 6, 2002 | 1 "operating" account check totaling $597 |
| 15. | Gary Weightman | July 16, 2002 | 1 payroll account check totaling $1442 |

| 16. | Gary Weightman | July 18-20, 2002 | 2 "operating" account checks totaling $727 |
| --- | --- | --- | --- |
| 17. | Gary Weightman | Aug 30, 2002 | 1 payroll account checks totaling $1442 |
| 18. | Gary Weightman | Sept 10 ,2002 | 1 payroll account check totaling $1442 |
| 19. | Gary Weightman | Oct 27, 2002 | 1 payroll account check totaling $1465 |

b.  In or about October 2002, Defendants McGovern and Weightman disposed of financial records belonging to Local 190.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

### (Embezzlement from Local 190)

1. Paragraphs 1(a-c), 1(e) and 3 through 7 of Count One are hereby realleged and incorporated as if set forth fully herein.

2. From in or about at least January 2001 through in or about October 2002, in Bergen County, in the District of New Jersey and elsewhere, the defendant,

JOHN McGOVERN

did knowingly and willfully embezzle, steal and unlawfully convert to his own use a total of approximately $250,000 in money and funds of Local 190, a labor organization of which he was an officer.

In violation of Title 29, United States Code, Section 501(c).

## COUNT THREE

### (Embezzlement from Local 190)

1. Paragraphs 1(a-e) and 3 through 7 of Count One are hereby realleged and incorporated as if set forth fully herein.

2. From in or about at least January 2001 through in or about October 2002, in Bergen County, in the District of New Jersey and elsewhere, the defendants,

> JOHN McGOVERN and
> GARY WEIGHTMAN

did knowingly and willfully embezzle, steal, and unlawfully convert to their own use in excess of $100,000 in money and funds of Local 190, a labor organization of which they were officers.

All in violation of Title 29, United States Code, Section 501(c) and Title 18, United States Code, Section 2.

A TRUE BILL

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

JOHN MCGOVERN
GARY WEIGHTMAN

INDICTMENT FOR

18 U.S.C. §§ 371, 2
18 U.S.C. § 501(c)

CHRISTOPHER J. CHRISTIE
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

V. GRADY O' MALLEY
*ASSISTANT U.S. ATTORNEY*
*(973) 645-2725*

USA-48AD 8
(Rd. 1/97)